ACCEPTED
04-15-00120-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
6/4/2015 2:39:35 PM
KEITH HOTTLE
CLERK

NO. 04-15-00120-CV

_____

IN THE FOURTH COURT OF APPEALS
OF THE STATE OF TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
6/4/2015 2:39:35 PM
KEITH E. HOTTLE
Clerk

_____

UNIVERSITY OF THE INCARNATE WORD,

Defendant – Appellant,

V.

VALERIE REDUS, ET AL.,

Plaintiffs – Appellees.

_____

APPEAL FROM 150TH JUDICIAL DISTRICT COURT
OF BEXAR COUNTY, TEXAS

_____

APPELLANT'S OPPOSED MOTION FOR LEAVE TO FILE
SUPPLEMENTAL BRIEF AND
SUPPLEMENTAL RESPONSE TO MOTION TO DISMISS

_____

Laurence S. Kurth
State Bar No. 11768450

Matthew F. Wymer
State Bar No. 24005234

BEIRNE, MAYNARD & PARSONS, L.L.P.
112 East Pecan Street, Suite 2750
San Antonio, TX  78205
(210) 582-0220 - Telephone
(210) 582-0231 – Facsimile
E-mail – lkurth@bmpllp.com
E-mail – mwymer@bmpllp.com

Attorneys for Defendant/Appellant
University of the Incarnate Word

TO THE HONORABLE COURT OF APPEALS:

COMES NOW, Appellant the University of the Incarnate Word ("**UIW**") and files this Motion for Leave to File Supplemental Brief and Supplemental Response to Motion to Dismiss. In support thereof, UIW would show the Court the following:

### FACTS AND ARGUMENT

On June 1, 2015, Texas Governor Greg Abbott signed into law changes to the provisions of Education Code which are at issue in the instant case. Specifically, effective September 1, 2015, Section 51.212 of the Education Code will be amended to expressly state, "**A Campus Police Department of a private institution of higher education is a law enforcement agency and a governmental body**" for purposes of the Texas Public Information Act (Chapter 552 of the Government Code). *See* Tex. S.B. 308, 84th Leg., R.S. (2015) (emphasis added); *see* attachment to Supplement.

The legislature further removed the caveat to campus police immunity that their actions must be "consistent with the educational mission of the institution." *See* Tex. S.B. 308, 84th Leg., R.S. (2015); *see* attachment to Supplement.

These changes have a direct impact on this case, and lend substantial support to UIW's position in the instant litigation.

The supplemental briefing is six (6) pages long.

1

Accordingly, UIW respectfully moves the Court to Grant this Motion for Leave and file the attached (Exhibit A) Supplemental Brief and Supplamental Response to Motion to Dismiss.

The undersigned conferred with opposing counsel on June 4, 2015, wherein opposing counsel stated that he was OPPOSED to any supplemental briefing.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, for these reasons, UIW respectfully moves the Honorable Court of Appeals to Grant this Motion for Leave and allow the filing of the attached Supplemental Brief and Supplemental Response to Motion to Dismiss, and further prays for such other legal and equitable relief to which Appellant may be entitled.

Respectfully submitted,

**BEIRNE, MAYNARD & PARSONS, L.L.P.**
The Weston Centre
112 East Pecan Street, Suite 2750
San Antonio, TX  78205
(210) 582-0220 - Telephone
(210) 582-0231 – Facsimile


By:   /s/ *Matthew F. Wymer*
     Laurence S. Kurth
     State Bar No. 11768450
     E-mail – lkurth@bmpllp.com
     Matthew F. Wymer
     State Bar No. 24005234
     E-mail – mwymer@bmpllp.com

**ATTORNEYS FOR RELATOR THE
UNIVERSITY OF THE INCARNATE WORD**

## CERTIFICATE OF CONFERENCE

The undersigned conferred with opposing counsel on June 4, 2015, wherein opposing counsel stated that he was OPPOSED to any supplemental briefing.

*/s/ Matthew F. Wymer*
Matthew F. Wymer

Dated:  June 4, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record in accordance with the Texas Rules of Civil Procedure this 4th day of June, 2015:

Brent C. Perry
Law Office of Brent C. Perry, PC
800 Commerce Street
Houston, Texas 77002
brentperry@brentperrylaw.com

Mason W. Herring
Herring Law Firm
4640 Banning Drive
Houston, Texas 77027
mherring@herringlawfirm.com

Jorge Herrera
Herrera Law Firm
111 Soledad, Suite 1900
San Antonio, Texas 78205
jherrera@herreralaw.com

Robert A. Valadez
Javier T. Duran
Shelton & Valadez
600 Navarro Street, Suite 500
San Antonio, Texas 78205
rvaladez@shelton-valadez.com and jduran@shelton-valadez.com

*/s/ Matthew F. Wymer*
Matthew F. Wymer

# EXHIBIT A

NO. 04-15-00120-CV

_____

IN THE FOURTH COURT OF APPEALS
OF THE STATE OF TEXAS

_____

UNIVERSITY OF THE INCARNATE WORD,

Defendant – Appellant,

V.

VALERIE REDUS, ET AL.,

Plaintiffs – Appellees.

_____

APPEAL FROM 150TH JUDICIAL DISTRICT COURT
OF BEXAR COUNTY, TEXAS

_____

APPELLANT'S SUPPLEMENTAL BRIEF
AND SUPPLEMENTAL RESPONSE TO MOTION TO DISMISS

_____

Laurence S. Kurth
State Bar No. 11768450

Matthew F. Wymer
State Bar No. 24005234

BEIRNE, MAYNARD & PARSONS, L.L.P.
112 East Pecan Street, Suite 2750
San Antonio, TX  78205
(210) 582-0220 - Telephone
(210) 582-0231 – Facsimile
E-mail – lkurth@bmpllp.com
E-mail – mwymer@bmpllp.com

Attorneys for Defendant/Appellant
University of the Incarnate Word

***ORAL ARGUMENT REQUESTED***

# TABLE OF CONTENTS

INDEX OF AUTHORITIES...............................................................................ii

SUPPLEMENTAL ARGUMENT......................................................................2

    A.    The Education Code now expressly states, "A Campus Police Department of a private institution of higher education is a law enforcement agency and a governmental body" for purposes of the TPIA; the legislature removed the caveat to campus police immunity that their actions must be "consistent with the educational mission of the institution."..................2

PRAYER ..........................................................................................................6

CERTIFICATE OF SERVICE .........................................................................8

i

# INDEX OF AUTHORITIES

**CASES**

*LTTS Charter Sch., Inc. v. C2 Constr., Inc.*,
  342 S.W.3d 73, 78 (Tex. 2011) ......................................................................4, 5


**STATUTES**

TEX. CIV. PRAC. & REM. CODE § 101.001-.109..........................................................6

TEX. CRIM. PROC. CODE ART. 2.13(A) ...................................................................3

TEX. CRIM. PROC. CODE ART. 14.03 .....................................................................3

TEX. EDUC. CODE § 51.212 ..............................................................................2

TEX. GOV'T CODE § 552.002.............................................................................4

TEX. GOV'T CODE § 552.108.............................................................................4

TEX. S.B. 308, 84TH LEG., R.S. (2015)................................................................3

TORT CLAIMS ACT SECTION 101.001(3)(D)................................................................4

NO. 04-15-00120-CV

_____

IN THE FOURTH COURT OF APPEALS
OF THE STATE OF TEXAS

_____

UNIVERSITY OF THE INCARNATE WORD,

Defendant – Appellant,

V.

VALERIE REDUS, ET AL.,

Plaintiffs – Appellees.

_____

APPEAL FROM 150TH JUDICIAL DISTRICT COURT
OF BEXAR COUNTY, TEXAS

_____

APPELLANT'S SUPPLEMENTAL BRIEF
AND SUPPLEMENTAL RESPONSE TO MOTION TO DISMISS

_____

TO THE HONORABLE COURT OF APPEALS:

Appellant, University of the Incarnate Word ("**UIW**"), Defendant in the underlying cause of action, respectfully files this supplemental briefing to advise the Court of a change in Texas law that is highly relevant to Appellant's Interlocutory Appeal and the Motion to Dismiss filed by Appellee. In support thereof, UIW would show this Court:

1

# SUPPLEMENTAL ARGUMENT

**A.** **The Education Code now expressly states, "A Campus Police Department of a private institution of higher education <u>is a law enforcement agency and a governmental body</u>" for purposes of the TPIA; the legislature removed the caveat to campus police immunity that their actions must be "consistent with the educational mission of the institution."**

On June 1, 2015, Texas Governor Greg Abbott signed into law changes to the provisions of Education Code which are at issue in the instant case. Specifically, effective September 1, 2015, Section 51.212 of the Education Code will be amended as follows:

> (b) Any officer commissioned under the provisions of this section is vested with all the powers, privileges, and immunities of peace officers if the officer:
>
> > (1) is on the property under the control and jurisdiction of the respective private institution of higher education or is otherwise performing duties assigned to the officer by the institution, regardless of whether the officer is on property under the control and jurisdiction of the institution, but provided these duties are ~~consistent with the educational mission of the institution and are~~ being performed within a county in which the institution has land; or
> >
> > (2) to the extent authorized by Section 51.2125, is:
> >
> > > (A) requested by another law enforcement agency to provide assistance in enforcing state or local law, including a municipal ordinance, and is acting in response to that request; or
> > >
> > > (B) otherwise assisting another law enforcement agency in enforcing a law described by Paragraph (A).

2

**[(F) A CAMPUS POLICE DEPARTMENT OF A PRIVATE INSTITUTION OF HIGHER EDUCATION IS A LAW ENFORCEMENT AGENCY AND A GOVERNMENTAL BODY FOR PURPOSES OF CHAPTER 552, GOVERNMENT CODE, ONLY WITH RESPECT TO INFORMATION RELATING SOLELY TO LAW ENFORCEMENT ACTIVITIES.]**

*See* attached Tex. S.B. 308, 84th Leg., R.S. (2015) (emphasis added).

While it is instructive that the Legislature removed the requirement to the private univerity Peace Officer's immunity that their duties be "consistent with the educational mission of the institution," this provision raises no issues in this case because Cpl. Carter, a licensed and commissioned Texas Peace Officer at the time of the incident that is the basis of this suit observed a highly intoxicated Redus operating a motor vehicle on a public road between UIW campus buildings. It is well briefed in UIW's filings before this Court that Carter acted within his authority and obligations under Texas law. *See* TEX. CRIM. PROC. CODE ART. 2.13(a); TEX. CRIM. PROC. CODE ART. 14.03.

Chapter 552 of the Government Code is the Texas Public Information Act ("**TPIA**"). The statute clearly establishes the UIW Police Department as a "Governmental Body" relating to its law enforcement activities:

> In this chapter, "public information" means information that is written, produced, collected, assembled, or maintained under a law or ordinance or **in connection with the transaction of official business**:

3

> **(1)** **by a governmental body**;
>
> **(2)** for a governmental body and the governmental body:
>
>> **(A)** owns the information;
>> **(B)** has a right of access to the information; or
>> **(C)** spends or contributes public money for the purpose of writing, producing, collecting, assembling, or maintaining the information; or
>
> **(3)** by an individual officer or employee of a governmental body in the officer's or employee's official capacity and the information pertains to official business of the governmental body.

TEX. GOV'T CODE § 552.002(emphasis added).

The added Section F to Section 51.212 of the Education Code is highly germaine to the instant case. The Texas Supreme Court in *LTTS Charter Sch., Inc. v. C2 Constr., Inc.*, 342 S.W.3d 73, 78 (Tex. 2011) expressly relied on similar provisions in the Education Code which applied to private open-enrollment charter schools to find they were a "governmental unit" as defined in Section 101.001(3)(D) of the Tort Claims Act:

> Chapter 12 further subjects open-enrollment charter schools to a host of statutes that govern governmental entities outside the Education Code .... **for purposes of the Government Code's and Local Government Code's regulation of government records, "an open-enrollment charter school is considered to be a local government" and its records "are government records for all purposes under state law."**[37] And lastly, under Section 12.1053, as noted above, an open-enrollment charter school is considered to be: (1) a "governmental entity" for purposes of Government Code and Local Government Code

provisions relating to property held in trust and competitive bidding; (2) a "political [12] subdivision" for purposes of Government Code provisions on procurement of professional services; and (3) a "local government" for purposes of Government Code provisions on authorized investments.[38]

In sum, numerous provisions of Texas law confer "status" upon and grant "authority" to open-enrollment charter schools. Their status as "part of the public school system of this state"[39] —and their authority to wield "the powers granted to [traditional public] schools"[40] and to receive and spend state tax dollars[41] (and in many ways to function as a governmental entity[42] )—derive wholly from the comprehensive statutory regime described above. With this legislative backdrop in mind, we are confident that the Legislature considers Universal Academy to be an "institution, agency, or organ of government" under the Tort Claims Act[43] and thus entitled to take an interlocutory appeal here.[44]

*LTTS Charter Sch., Inc.*, 342 S.W.3d at 78(emphasis added).

As a "law enforcement agency" under the TPIA, the UIW Police Department will be "excepted" from disclosure of certain documents under specific circumstances, including, but not limited to instances where the "release of the information would interfere with the detection, investigation, or prosecution of crime." TEX. GOV'T CODE § 552.108.

UIW's Police Department is a "law enforcement agency" which is part of the law enforcement network of the State of Texas, with the same authority, obligations, duties, responsibilities and immunities as any other law enforcement agency or police department in the State. Accordingly, the Legislature has now clarified this issue and expressly stated campus police departments like the UIW Police Department are a "law

5

enforcement agency and a governmental body," and therefore, this Court should find UIW is a "Governmental Unit" under the Texas Tort Claims Act, entitled to governmental immunity. *See* TEX. CIV. PRAC. & REM. CODE §§ 101.001–.109 ("'Governmental unit' means … any other institution, agency, or organ of government the status and authority of which are derived from … laws passed by the legislature under the constitution.").

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant UIW respectfully asks the Court to Grant its Plea to the Jurisdiction and Motion to Dismiss, and dismiss all claims and causes of action pleaded by Plaintiffs against UIW and Cpl. Carter and for such other legal and equitable relief to which Appellant may be entitled.

Respectfully submitted,

**BEIRNE, MAYNARD & PARSONS, L.L.P.**
The Weston Centre
112 East Pecan Street, Suite 2750
San Antonio, TX  78205
(210) 582-0220 - Telephone
210) 582-0231 – Facsimile


By:     /s/ *Laurence S. Kurth*
         Laurence S. Kurth
         State Bar No. 11768450
         E-mail – lkurth@bmpllp.com
         Matthew F. Wymer
         State Bar No. 24005234
         E-mail – mwymer@bmpllp.com

**ATTORNEYS FOR DEFENDANT THE
UNIVERSITY OF THE INCARNATE WORD**

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record in accordance with the Texas Rules of Civil Procedure this 4th day of June, 2015:

Brent C. Perry
Law Office of Brent C. Perry, PC
800 Commerce Street
Houston, TX 77002
brentperry@brentperrylaw.com

Mason W. Herring
Herring Law Firm
4640 Banning Drive
Houston, TX 77027
mherring@herringlawfirm.com

Jorge Herrera
Herrera Law Firm
111 Soledad, Suite 1900
San Antonio, TX 78205
jherrera@herreralaw.com

Robert A. Valadez
Javier T. Duran
Shelton & Valadez
600 Navarro Street, Suite 500
San Antonio, TX 78205
rvaladez@shelton-valadez.com
jduran@shelton-valadez.com

/s/ *Laurence S. Kurth*
Laurence S. Kurth

**TEX. S.B. 308, 84TH LEG., R.S. (2015)**

**Reporter**

2015 Bill Text TX S.B. 308

## Notice

**Added:** Text highlighted in green
**Deleted:** Red text with a strikethrough

**THE STATE OF TEXAS BILL TEXT > TEXAS 84TH LEGISLATURE > SENATE BILL 308**

## Synopsis

AN ACT

relating to the powers and duties of campus police departments at private institutions of higher education.

## Text

*BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:*

SECTION 1.  Section 51.212, Education Code, is amended by amending Subsection (b) and adding Subsection (f) to read as follows:

(b)  Any officer commissioned under the provisions of this section is vested with all the powers, privileges, and immunities of peace officers if the officer:

(1) is on the property under the control and jurisdiction of the respective private institution of higher education or is otherwise performing duties assigned to the officer by the institution, regardless of whether the officer is on property under the control and jurisdiction of the institution, but provided these duties are ~~consistent with the educational mission of the institution and are~~ being performed within a county in which the institution has land; or

(2) to the extent authorized by Section 51.2125, is:

(A)  requested by another law enforcement agency to provide assistance in enforcing state or local law, including a municipal ordinance, and is acting in response to that request; or

(B)  otherwise assisting another law enforcement agency in enforcing a law described by Paragraph (A).

(F)  A CAMPUS POLICE DEPARTMENT OF A PRIVATE INSTITUTION OF HIGHER EDUCATION IS A LAW ENFORCEMENT AGENCY AND

A GOVERNMENTAL BODY FOR PURPOSES OF CHAPTER 552, GOVERNMENT CODE, ONLY WITH RESPECT TO INFORMATION RELATING SOLELY TO LAW ENFORCEMENT ACTIVITIES.

SECTION 2. This Act takes effect September 1, 2015.

## History

S.B. NO. 308

## Sponsor(s)

Whitmire

## Classification

**Subject:** COLLEGES & UNIVERSITIES (92%); SCHOOL SAFETY & SECURITY (92%); POLICE FORCES (92%); LEGISLATORS (92%); LAW ENFORCEMENT (91%); EDUCATION SYSTEMS & INSTITUTIONS (90%); LEGISLATION (78%); ORDINANCES (73%)

**Load-Date:** June 3, 2015

THE STATE OF TEXAS BILL TEXT

Copyright ©2015 LexisNexis. All rights reserved.